# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JULY 2023**

E-Filing Number: 2307022783

**01202**

| | |
|---|---|
| PLAINTIFF'S NAME<br>RICHARD HORN | DEFENDANT'S NAME<br>E.I. DUPONT DE NEMOURS AND COMPANY |
| PLAINTIFF'S ADDRESS<br>195 CAROON ROAD<br>POPLAR BRANCH NC 27965 | DEFENDANT'S ADDRESS<br>974 CENTRE ROAD<br>WILMINGTON DE 19805 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>JOHN DOE, INDIVIDUALS, 1-5 |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>123 MAIN STREET<br>ANYTOWN PA 19111 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>ABC CORPORATIONS, 1-5 |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>123 MAIN STREET<br>ANYTOWN PA 00000 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE
2T - TOXIC TORT PERSONAL INJURY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br>JUL 13 2023<br>G. IMPERATO | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES     NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: RICHARD HORN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>MIRIAM B. BARISH | ADDRESS<br>ONE LOGAN SQUARE<br>130 NORTH 18TH STREET<br>SUITE 1600<br>PHILADELPHIA PA 19103 |
|---|---|
| PHONE NUMBER<br>(215)790-4571 | FAX NUMBER<br>(215)875-7713 | |
| SUPREME COURT IDENTIFICATION NO.<br>72622 | E-MAIL ADDRESS<br>mbarish@anapolweiss.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>MIRIAM BARISH | DATE SUBMITTED<br>Thursday, July 13, 2023, 11:36 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**ANAPOL WEISS**
**BY:   MIRIAM BENTON BARISH, ESQUIRE**
    **RIKI R. STROSSER, ESQUIRE**
    **ROBERT G. DEVINE, JR., ESQUIRE**
**I.D. Nos. 72622, 89543 & 327833**
**One Logan Square, Suite 1600**
**130 North 18th Street**
**Philadelphia, PA 19103**
**(215) 790-4571**
mbarish@anapolweiss.com
rstrosser@anapolweiss.com
bdevine@anapolweiss.com

Filed and Attested by the
Office of Judicial Records
13 JUL 2023 11:36 am
G. IMPERATO

**ATTORNEYS FOR PLAINTIFF**

| | |
|---|---|
| RICHARD HORN<br>195 Caroon Road<br>Poplar Branch, NC 27965 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| *Plaintiff* | CIVIL ACTION |
| v.<br>E.I. DUPONT DE NEMOURS AND<br>COMPANY<br>974 Centre Road<br>Wilmington, DE 19805<br>and | No. |
| JOHN DOE INDIVIDUALS, 1-5 and<br>ABC CORPORATIONS, 1-5<br>*Defendants* | **JURY TRIAL DEMANDED** |

## COMPLAINT IN CIVIL ACTION
## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL AND INFORMATION SERVICE<br>ONE READING CENTER<br>PHILADELPHIA, PA 19107<br>TELEPHONE: (215) 238-1701 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puese perder dinero o sus propiedades u ostros derechos importantes para usted.<br><br>LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.<br><br>ASOCIACION DE LICENCIADOS DE FILADELFIA<br>Servicio De Referencia E Información Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Telephono: (215) 238-1701 |

Case ID: 230701202

ANAPOL WEISS
BY:   MIRIAM BENTON BARISH, ESQUIRE
        RIKI R. STROSSER, ESQUIRE
        ROBERT G. DEVINE, JR., ESQUIRE
I.D. Nos. 72622, 89543 & 327833
One Logan Square, Suite 1600
130 North 18th Street
Philadelphia, PA 19103
(215) 790-4571                                         **ATTORNEYS FOR PLAINTIFF**
mbarish@anapolweiss.com
rstrosser@anapolweiss.com
bdevine@anapolweiss.com

| | |
|---|---|
| RICHARD HORN<br>195 Caroon Road<br>Poplar Branch, NC 27965<br><br>*Plaintiff*<br>v.<br>E.I. DUPONT DE NEMOURS AND COMPANY<br>974 Centre Road<br>Wilmington, DE 19805<br>and<br>JOHN DOE INDIVIDUALS, 1-5 and<br>ABC CORPORATIONS, 1-5<br>*Defendants* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>CIVIL ACTION<br><br>No.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

AND NOW comes the Plaintiff, Richard Horn, by and through his attorneys, Anapol Weiss, and sets forth the following Complaint in Civil Action.

### PARTIES

1. Plaintiff, Richard Horn, is an adult individual and citizen of the state of North Carolina residing at 195 Caroon Road, Poplar Branch, NC 27965.

2. Defendant, E.I. du Pont de Nemours and Company (hereinafter "DuPont"), is a corporation duly organized and existing under the laws of the state of Delaware with its principal place of business and/or headquarters located at 974 Centre Road, Wilmington, DE 19805.

2

3. At all times material hereto, DuPont is registered to do business in the Commonwealth of Pennsylvania.

4. At all times material hereto, DuPont engaged in business on a regular, systematic, continuous, and substantial basis within the County of Philadelphia, and purposefully directed its activities at the Commonwealth of Pennsylvania.

5. Upon information and belief, and at all times material hereto, as set forth on DuPont's website, DuPont has a manufacturing facility, research center, and/or offices located at 192 Patterson Blvd., Towanda, Pennsylvania 18848.

| « DUPONT » | Brands & Products | n:ow at DuPont | About Us | Newsroom | Careers |
|---|---|---|---|---|---|
| Pennsylvania | | Towanda, Pennsylvania | 192 Patterson Blvd<br>Towanda, PA 18848 | | |

6. Upon information and belief, and at all times material hereto, as set forth on DuPont's website, DuPont boasts that it has numerous featured brands, product lines, and associated industries.



7. Moreover, upon information and belief, and at all times material hereto, as set forth on DuPont's website, DuPont sells and distributes the aforementioned brands and products through a distribution center, Arbill, located at 10450 Drummond Road, **Philadelphia, PA** 19182.



Distributors for Tyvek®, Tychem®, ProShield® and Tyvek® IsoClean® Garments and Accessories

| Aramsco | Arbill | Argus-Hazco |
|---|---|---|
| 1480 Grandview Ave | 10450 Drummond Road | 46400 Continental Dr. |
| Paulsboro, NJ 08066 | Philadelphia, PA 19182 | Chesterfield, MI 48047 |
| 800-767-6933 | 800-523-5367 | 800-332-0435 |
| www.aramsco.com | www.arbill.com | www.argus-hazco.com |

4

Case ID: 230701202

8. Upon information and belief, Arbill is one of the area's exclusive distribution centers for DuPont's featured brand, Tyvek, making Arbill's location in Philadelphia an essential factor to DuPont's financial success in the Philadelphia region.

9. Indeed, DuPont, and its featured brands and product lines, are specifically marketed and advertised on Arbill's website, targeting, and selling to consumers not only in Philadelphia but also in the Commonwealth of Pennsylvania and around the country.



10. In addition to Arbill, upon information and belief, and at all times material hereto, as set forth on DuPont's website, DuPont sells and distributes the aforementioned brands and products through a wholesaler, Material Concepts, Inc., located at 11620 Caroline Road, **Philadelphia, PA** 19154.

5



Authorized Wholesalers for Tyvek®, Tychem®, ProShield® and Tyvek® Isoclean® Garments and Accessories

| Daniel Safety Products, Inc. | Material Concepts, Inc. Tyvek® Roll Goods Wholesaler | The Safety Zone, LLC |
|---|---|---|
| 4039 Nixon Chapel Road<br>Albertville, AL 35950<br>800-910-3891<br>www.danielsafetyproducts.com | 11620 Caroline Road<br>Philadelphia, PA 19154<br>215-338-6515<br>www.materialconcepts.com | 39 Industrial Park Road<br>Centerbrook, CT 06409<br>800-821-5702<br>www.safety-zone.com |

11.     Similar to Arbill, DuPont, and its featured brands and product lines, is specifically marketed and advertised on Material Concepts, Inc.'s website, targeting and selling to consumers not only in Philadelphia but also in the Commonwealth of Pennsylvania and around the country.



12. In addition to DuPont's presence in Philadelphia, upon information and belief, and at all times material hereto, as set forth on DuPont's website, DuPont sells and distributes the aforementioned brands and products through numerous other distribution and wholesale centers throughout the Commonwealth of Pennsylvania[1] including but not limited to:

   a. 911 Safety Equipment located at 329 E. Main Street, Norristown, PA 19401;

   b. Airgas located at 259 North Radnor-Chester Road, Radnor, PA 19087;

   c. Clark-McKibben Safety Products, Inc. located at 2001 Hampton Road, Erie, PA 16508;

---

[1] https://www.dupont.com/personal-protection/chemical-protective-clothing-distributors.html

Case ID: 230701202

    d. Critical Tool located at 3005 Broadhead Road, Bethlehem, PA 18020;

    e. Fairmont Supply Company located at 437 Jefferson Avenue, Washington, PA 15301;

    f. Fisher Scientific Company located at 100 Technology Drive, Pittsburgh, PA 15219;

    g. Lewis-Goetz and Company, Inc. located at 650 Washington Road, Pittsburgh, PA 15228;

    h. Premier Safety & Service, Inc. located at 2 Industrial Park Driver, Oakdale, PA 15071;

    i. Pro-Am Safety, Inc. located at 551 Keystone Drive, Warrendale, PA 15086;

    j. Stauffer Glove and Safety located at PO Box 45, Red Hill, PA 18076;

    k. Supreme Safety, Inc. located at 21 Richard Road, Warminster, PA 18976;

    l. TheSafetyHouse.com located at 99 Aldan Avenue, Suite 5, Glen Mills, PA 19342; and

    m. VWR International located at 100 Matsonford Road, Radnor, PA 19087.

13. Upon information and belief and at all times material hereto, DuPont conducted regular, systematic, continuous, and substantial business within the Commonwealth of Pennsylvania, including within the County of Philadelphia.

14. There may exist additional Defendants which Plaintiff has been unable to identify after having conducted a reasonable search with due diligence, to date. These entities include any property management companies, outside contractors and/or property inspectors hired by and/or engaged by Defendants to ensure the safety of its employees and/or its facility. For purposes of this Complaint, said individuals or business entities have been named as fictitious John Doe Individuals, 1-5 and ABC Corporations, 1-5. Should discovery reveal the identities of additional Defendants who negligently, carelessly, and recklessly caused and/or contributed to Plaintiff's

injuries and damages as described herein, Plaintiff will amend the Complaint accordingly pursuant to the Pennsylvania Rules of Civil Procedure.

## VENUE

15. At all times material hereto, DuPont carried on, and continues to carry on, regular, systematic, continuous, and substantial business activities within the County of Philadelphia as aforesaid.

16. Under Pa.R.C.P. 2179(a)(2), venue may be laid against DuPont in Philadelphia County since it "regularly conducts business" in Philadelphia County as explained at length above.

## FACTS

17. Plaintiff, Richard Horn, spent his career from 1979 to 1992 working at DuPont Connector Systems, formerly known as FCI USA, Inc., and prior to that it was Berg Electronics, located at 320 Busser Road in Emigsville, York County, Pennsylvania 17318.

18. Plaintiff held various positions while employed by DuPont, and from 1979 to 1982, Plaintiff worked as a material handler and press operator.

19. From 1982 to 1992, Plaintiff, while still employed by DuPont, worked as a tool and die maker.

20. Plaintiff's daily tasks as a tool and die maker included but were not limited to repairing metal stamping dies and creating inner connectors.

21. While employed by DuPont, and in his role as a tool and die maker, Plaintiff was in regular and direct contact with various chemicals including but not limited to trichloroethylene (hereinafter "TCE") that was used to remove oil and clean stamped connectors.

22. Plaintiff was exposed to TCE at the DuPont facility. Open drums of liquid TCE were present in his work area and he used it on a regular basis to clean parts and tools as part of

9

his regular job duties, which inevitably caused liquid TCE to come in contact with his skin. Plaintiff was also regularly exposed to fumes from the TCE which became airborne and were inhaled by Plaintiff for up to eight hours a day, over a period of years while working for Defendant. During his employment, Plaintiff was never warned about exposure to TCE or provided any breathing protection or other personal protective equipment ("PPE") by Defendant.

23. TCE is a known carcinogen and is highly toxic and hazardous.

24. Prolonged or repeated exposure to TCE causes kidney cancer, non-Hodgkin lymphoma, liver cancer, and other diseases and illnesses.

25. Workers are exposed to TCE primarily by breathing in vapors and through skin contact with vapors and/or liquid.

26. At all times material hereto, DuPont represented to Plaintiff that the areas and locations where he was working in the aforementioned facility, including the area where he was completing tasks, were safe and Plaintiff relied upon DuPont's representations and/or recommendations.

27. At all times material hereto, DuPont never provided nor required Plaintiff to wear a respirator to appropriately guard against exposure to TCE fumes.

28. At all times material hereto, DuPont stored TCE in voluminous, 55-gallon drums throughout the building that were not covered as well as in roughly 50 to 100 open cleaning tanks located in the area of the building's presses.

29. At all times material hereto, DuPont's facility where Plaintiff worked was not properly ventilated despite the presence and regular use of open containers of TCE.

30. Upon information and belief, it was not until the 1990s that DuPont removed the TCE from its York County, Pennsylvania facility – years after Plaintiff had already experienced regular and direct contact and exposure with TCE as aforesaid.

31. As a direct and proximate result of Defendant's carelessness and negligence described herein, Plaintiff was frequently, continuously, and directly exposed to TCE, and was caused to sustain serious and permanent personal injuries including but not limited to stage three kidney cancer, that was diagnosed on September 13, 2021, and required surgical removal of two kidney tumors.

32. As a further direct and proximate result of Defendant's carelessness and negligence described herein, Plaintiff expended and continues to expend various sums of money for medical care and treatment.

33. As a further direct and proximate result of Defendant's carelessness and negligence described herein, Plaintiff suffered a loss of earnings necessitated by the diagnosis and treatment of his kidney cancer which required surgery and subsequent recovery and follow-up medical care.

34. As a further direct and proximate result of Defendant's carelessness and negligence described herein, Plaintiff suffered and continues to suffer from physical and emotional pain and suffering.

35. As a further direct and proximate result of Defendant's carelessness and negligence described herein, Plaintiff suffered physical scarring and humiliation caused by his diagnosis of kidney cancer and subsequent surgery and medical treatment.

36. As a further direct and proximate result of Defendant's carelessness and negligence described herein, Plaintiff has been, and continues to be limited in and/or prevented from

Case ID: 230701202

participating in his usual and daily activities and avocations thereby suffering a loss of life's pleasures to Plaintiff's great detriment and loss.

## COUNT I – NEGLIGENCE
### Plaintiff v. All Defendants

37. Plaintiff incorporates by reference the allegations set forth in the previous paragraphs of this Complaint as though the same were set forth at length herein.

38. As an employee of DuPont, Plaintiff was owed the highest duty of care throughout his employment from 1979 to 1992.

39. DuPont controlled the work areas where Plaintiff's injuries occurred including but not limited to its York County plant and/or facility located at 320 Busser Road, Emigsville, Pennsylvania 17318.

40. DuPont also controlled the tasks that Plaintiff was assigned.

41. DuPont, directly and by and through its agents, servants and/or employees, directed, operated, maintained, influenced, and/or controlled all work performed at its plant and/or facility, and at all times material hereto, was responsible for providing employees, such as Plaintiff, with a safe work environment free from dangerous and hazardous conditions.

42. DuPont, directly and by and through its agents, servants and/or employees, knew or should have known that the work conditions at the aforementioned plant and/or facility created an unreasonable risk of physical harm, and required its employees, including Plaintiff, to perform abnormally dangerous activities while performing their assigned job duties.

43. DuPont knew or should have known that TCE is a carcinogen and is highly toxic and dangerous and was required at all times to comply with applicable OSHA standards and regulations.

Case ID: 230701202

44. The unreasonable risk of harm and the abnormally dangerous activity arose from the presence and regular use of large, uncovered quantities of TCE located in, at or near Plaintiff's work areas.

45. DuPont, directly and by and through its agents, servants and/or employees, required its employees to work in conditions that it should have recognized as likely to create an unreasonable risk of physical harm to others unless special safety precautions were taken and in place.

46. The careless, negligent, willful, wanton and/or recklessly indifferent conduct on behalf of Defendant DuPont, by and through its agents, servants and/or employees, consisted of the following:

   a. Exposing Plaintiff to a harmful and dangerous carcinogen, namely TCE, for an extended period of time;

   b. Using TCE as a cleaning product when it knew, or should have known, that TCE was toxic, poisonous and caused extreme risk of harm to the health of persons inhaling, ingesting, coming in contact with or otherwise absorbing it through their skin into their bodies;

   c. Failing to provide instructions concerning the safe methods of working with and/or around TCE;

   d. Failing to take necessary, adequate or proper precautions to prevent or restrict the escape, eruption, leakage and release of the hazardous TCE liquid and fumes in locations where Plaintiff was working;

   e. Failing to warn Plaintiff regarding the dangers and health risks posed by working in close proximity to large open containers of TCE in his work areas at Defendant's plant/facility;

   f. Failing to ensure that accurate warnings and information was conveyed to Plaintiff regarding the health risk caused to him and others by the use and presence of open containers of TCE in his work areas;

   g. Requiring Plaintiff to perform the aforesaid job assignments in areas where he was exposed to dangerous and hazardous conditions created by the use of and

presence of large open containers of TCE in the areas where Plaintiff was working;

h. Failing to provide and ensure that Plaintiff wore PPE, such as respirators, gloves or protective clothing, or any other safety devices to protect him from the dangerous and hazardous conditions created by the TCE used and located in the areas Plaintiff was working;

i. Failing to conduct adequate or proper job hazard or safety analyses of Plaintiff's job assignment and tasks in light of the hazardous and dangerous conditions created by the presence and use of TCE at Defendant's plant;

j. Requiring Plaintiff to perform his job assignments and tasks in work areas which were not free from recognized hazards and that were likely to cause him serious physical harm;

k. Failing to exercise reasonable care regarding the location, storage and use of TCE at the Defendant's plant/facility;

l. Failing to comply with industry and governmental standards and regulations regarding the location, storage and use of TCE at the Defendant's plant/facility;

m. Failing to implement, incorporate and enforce proper or adequate safety measures regarding the use of TCE at Defendant's plant/facility location;

n. Failing to train and supervise its agents, servants and/or employees on appropriate safety policies and procedures regarding the use and storage of TCE;

o. Failing to develop and implement policies and procedures to adequately and properly maintain and/or inspect TCE within said plant/facility;

p. Breaching its duty to ensure a safe work environment for Plaintiff by failing to exercise reasonable and ordinary care to protect its employees from exposure to a known carcinogen, TCE;

q. Failing to warn Plaintiff that working with and around TCE created serious risk to his health, including but not limited to the risk of being diagnosed with cancer;

r. Failing to provide any engineering controls to protect Plaintiff from inhaling, ingesting, contacting or otherwise absorbing TCE into his body;

s. Failing to institute a monitoring policy to measure the amount of TCE being released into the air at the aforesaid plant/facility or to monitor exposure levels to TCE of their employees;

t. Failing to adequately cover and store TCE at the aforesaid plant/facility;

    u. Failing to adequately ventilate the aforesaid plant/facility;

    v. Violating applicable local, state, federal, and/or industry standards and regulations regarding occupational use and storage of TCE, including but not limited to, all applicable OSHA regulations.

47. Defendant possessed superior knowledge and information regarding the health hazards and risks of exposure to TCE which it knew or should have known that Plaintiff would not appreciate, been aware of, or taken the initiative to protect himself from these risks during his employment with it.

48. Defendant failed to exercise reasonable care by not taking precautions to protect its employees, including Plaintiff, against the unreasonable risk of harm posed by high levels of TCE present at its facility.

49. As a direct and proximate result of Defendant's carelessness and negligence described herein, Plaintiff was exposed to TCE during the course and scope of his employment with Defendant, and this exposure caused him to sustain serious and permanent personal injuries, including but not limited to, stage three kidney cancer requiring surgery.

50. As a further direct and proximate result of Defendant's carelessness and negligence described herein, Plaintiff expended and continues to expend money for medical care and treatment.

51. As a further direct and proximate result of Defendant's carelessness and negligence described herein, Plaintiff suffered loss of income and loss of, or diminution of, the ability to earn income in the future.

52. As a further direct and proximate result of Defendant's carelessness and negligence described herein, Plaintiff has suffered and continues to suffer physical and emotional pain and suffering.

Case ID: 230701202

53. As a further direct and proximate result of Defendant's carelessness and negligence described herein, Plaintiff has suffered physical scarring and humiliation caused to him by his injuries.

54. As a further direct and proximate result of Defendant's carelessness and negligence described herein, Plaintiff has been prevented, and/or limited from, attending his usual and daily activities and avocations causing him a loss of life's pleasures to Plaintiff's great detriment and loss.

55. Defendant acted willfully, wantonly and with reckless indifference and as a direct result caused the Plaintiff severe pain and suffering, severe emotional distress, and mental anguish and harm.

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally, individually and/or in the alternative for an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory plus punitive damages, interest, delay damages, costs of suit, and any other further relief as is deemed equitable and just by the Court.

ANAPOL WEISS

By: _____
MIRIAM BENTON BARISH, ESQUIRE
RIKI R. STROSSER, ESQUIRE
ROBERT G. DEVINE, JR., ESQUIRE
Attorneys for Plaintiff

Date: July 13, 2023

## VERIFICATION

I, Richard Horn, hereby state that I am the Plaintiff in the within action and verify that the statements made in the foregoing Complaint in Civil Action are true and correct to the best of my knowledge, information, and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

*[Electronically Signed]*
RICHARD HORN

Date: 7/11/2023